IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY ALLEN, SR., | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| WARDEN DEAL, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:19-CV-03392-SDG-CCB |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner Ricky Allen, Sr., filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Cobb County. (Doc. 1.) Petitioner has paid the filing fee. Respondent filed an Answer-Response opposing the petition. (Doc. 7.)

For the reasons stated below, it is **ORDERED** that Petitioner's motions for appointment of counsel and for an evidentiary hearing (Docs. 10, 11) be **DENIED** and Petitioner's motions to request additional time to respond and supplement his filing (Docs. 13, 14) be **DENIED as unnecessary**, and it is **RECOMMENDED** that Petitioner's request for legal assistance (Docs. 15, 16) be **DENIED**, the instant petition (Doc. 1) be **DENIED**, and this action be **DISMISSED**.

**I.   BACKGROUND**

In 2015, following a non-negotiated plea, Petitioner was convicted of six counts of aggravated assault, three counts of simple battery, one count of cruelty

to children in the third degree, two counts of hindering an emergency telephone call, and two counts of obstruction of an officer, and was sentenced to a total term of imprisonment of 30 years. (Doc. 1 at 1; Doc 9-3 at 34-35.) These charges stemmed from a domestic dispute in which Petitioner attacked his wife and child, causing severe physical injuries to his wife. (*See* Doc. 9-3 at 56-60.) Petitioner did not file a direct appeal.[1] (Doc. 7-1 at 2; Doc. 9-5 at 2.)

In 2016, Petitioner filed a habeas corpus petition in the Superior Court of Tattnall County, followed by an amended petition. (Docs. 9-1, 9-2.) In his petition and amended petition, he raised the following claims (Grounds 1-2 and A-D, respectively):

(1) Trial counsel was ineffective for failing to

  (a) "protect a mentally ill client by refusing to file for pre-trial 'jury determination' of whether Petitioner was incompetent the night of the attack";

  (b) "formally challenge the perjury committed by the victim," which impacted the trial court's sentencing decision; and

  (c) tell Petitioner that "his crimes carried a 90% Parole Board rule 'serve time' before any release determination by the Board";

---

[1] In his petition, Petitioner states that he filed a direct appeal and that it was denied, but he provides no details on the case number or date of disposition. (*See* Doc. 1 at 2.) The state habeas court, by contrast, noted that "[t]here is no indication in the record that Petitioner pursued an appeal of his guilty plea convictions and sentences." (Doc. 9-5 at 2.)

2

 (2) Petitioner's guilty plea was involuntary because

  (a) he was not afforded his rights under *Boykin v. Alabama*, 395 U.S. 238 (1969), before entering his guilty plea;

  (b) he "was coerced into pleading guilty to a crime he committed while mentally ill";

  (c) he "was not told that he would be required to serve 90% of his sentence before being considered for parole"; and

  (d) he "was misled by the trial court as to the amount of time being given by the court";

(A) Trial counsel was ineffective for giving "incorrect 'facts' from Petitioner's prior conviction that 'prejudiced' the sentencing court";

(B) The prosecutor committed misconduct in giving "false facts to sentencing court which 'prejudiced' the Petitioner";

(C) "Illegal judicial participation during plea hearing";

(D) Petitioner "did not waive his right to a jury hearing pursuant to O.C.G.A. Code § 17-7-130"; and

(E) Trial counsel was ineffective for failing "to file for a defense of delusional compulsion."

(Doc. 9-1 at 5-6; Doc. 9-2 at 1-2 (capitalization corrected)). Following an evidentiary hearing, (Doc. 9-3), the state habeas court denied relief in 2018, (Doc. 9-5). Petitioner filed an application for a certificate of probable cause. (Doc. 9-6.) The Supreme Court of Georgia denied Petitioner's application in 2019. (Doc. 9-8.)

Petitioner subsequently filed the instant § 2254 petition raising the following claims:

3

    (1)    Petitioner's plea is a void judicial process;

    (2)    Petitioner's plea was involuntary due to the effects of psychotropic drugs given to Petitioner on the day of his plea;

    (3)    Trial counsel was ineffective for failing to challenge the State's false case fact narrative;

    (4)    The prosecutor committed misconduct in knowingly using false evidence;

    (5)    The trial court denied due process by relying on the State's false narrative;

    (6)    The state habeas court refused to allow Petitioner extra time to bring his witness to court; and

    (7)    The state habeas court charged Petitioner illegal record fees.

(Doc. 1 at 4-6.)

## II. DISCUSSION

### A. Merits

Before a federal court may grant a § 2254 petition, a state prisoner seeking federal habeas relief must first exhaust his state court remedies or show that a state corrective process is unavailable or ineffective to protect his rights. 28 U.S.C. § 2254(b)(1). To exhaust, the petitioner must present his claims, on direct appeal or collateral review, to the highest state court according to that state's appellate procedure. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010). If the petitioner has not exhausted all of his claims in state court, the federal court generally must

dismiss the petition without prejudice. *See Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1214 (11th Cir. 2014).

However, when a federal habeas petitioner raises unexhausted claims that would be procedurally barred in state court pursuant to state law, the federal court may "treat those claims now barred by state law as no basis for federal habeas relief. . . . The unexhausted claims should be treated as if procedurally defaulted." *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007) (citations and internal quotation marks omitted). Doing so allows a federal court to "forego the needless judicial ping-pong" of requiring a petitioner to go to state court to exhaust a claim clearly barred by a state's procedural rules before returning to federal court. *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) (internal quotation marks omitted).

Under Georgia law, "[a]ll grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition," and subsequent petitions may assert only grounds that "could not reasonably have been raised in the original or amended petition." O.C.G.A. § 9-14-51. That statute "can and should be enforced in federal habeas proceedings against claims never presented in state court . . . ." *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998). However,

> [a] federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and

5

> actual prejudice resulting from the alleged constitutional violation. . . . To show cause, the petitioner must demonstrate some objective factor external to the defense that impeded his effort to raise the claim properly in state court. . . . [I]f the petitioner fails to show cause, [the court] need not proceed to the issue of prejudice. . . . [I]n order to show prejudice, a petitioner must demonstrate that the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.

*Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (citations and internal quotation marks omitted). "[I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis in original). "[A] claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 452 (internal quotation marks omitted and first alteration in original).

Alternatively, the petitioner may obtain federal habeas review of a procedurally defaulted claim if he presents "proof of actual innocence, not just legal innocence." *Ward*, 592 F.3d at 1157. To demonstrate actual innocence, the petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

In the present case, Petitioner failed to comply with Georgia law because he did not present Claim 1 on direct appeal or state habeas review. In Claim 1, Petitioner says that his plea is a "void judicial process" and that there is a competency motion "still pending in this case." (Doc. 1 at 1). Petitioner first raised this claim in his application for a certificate of probable cause, which the Supreme Court of Georgia summarily denied.[2] (*See* Doc. 9-7 at 10-11; Doc. 9-8.) This claim

---

[2] In his request for an evidentiary hearing and appointment of counsel, which essentially is also a reply to the State's Answer-Response, Petitioner argues that this claim was actually presented to the state habeas court. (Doc. 10 at 9.) A careful review of Petitioner's citations and arguments shows, however, that Petitioner references other claims, not Claim 1. For example, Petitioner points to Ground 1(a) of the original state habeas petition, but this is a claim of ineffective assistance of counsel. (*See* Doc. 9-1 at 5; Doc. 10 at 9.) Similarly, he cites Ground D of the amended habeas petition, but the substance of that claim is that he was entitled to a jury determination of competency rather than that the failure to hold a competency hearing voided his plea. Petitioner also appears to conflate Claims 1 and 2 in his request for evidentiary hearing and counsel appointment. (*See* Doc. 10 at 9-11.) In any event, even if this claim was fairly presented in state court, the state habeas court's determination that Petitioner was competent to enter a plea was not unreasonable, as counsel testified that a mental health examiner found Petitioner competent, and the trial court questioned Petitioner regarding his mental health condition during Petitioner's colloquy. *See* 28 U.S.C. § 2254(d); (Doc. 9-3 at 14-15, 69-78, 82; Doc. 9-5 at 2-3, 9-10.) And to the extent that this dispute concerns any allegedly improper compliance with state procedural law, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (internal quotation marks omitted); *see* O.C.G.A. §§ 17-7-129, -130. Ultimately, Petitioner appears to misapprehend the difference between a competency evaluation versus a special jury determination of competency following a special plea that a defendant is incompetent to stand trial. *See* O.C.G.A. §§ 17-7-129, -130; *Crawford v. State*, ___ S.E.2d ___, ___, No. A20A0187, 2020 WL 3025816, at *2 (Ga. Ct. App. June 5, 2020); (Doc. 9-3 at 15.)

was thus never fairly presented in state court and, as a result, is unexhausted yet procedurally defaulted. *See Ogle*, 488 F.3d at 1370; *Mauk v. Lanier*, 484 F.3d 1352, 1357-58 (11th Cir. 2007) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)) (noting that a claim is not fairly presented when raised for first time on discretionary review in procedural context where merits will not be considered). To the extent that Petitioner claims ineffective assistance of counsel to establish cause for the default, such claim is unexhausted. Therefore, Petitioner has not shown cause for his default, and the issue of prejudice need not be considered. Petitioner has also not presented proof of actual innocence. *See Ward*, 592 F.3d at 1157. Accordingly, this claim should be denied as procedurally defaulted.

With respect to Claim 2,[3] Petitioner alleges that his plea was involuntary due to the effects of psychotropic drugs given to Petitioner on the day of his plea. (Doc. 1 at 4.) The state habeas court denied this claim on the merits, ruling that Petitioner's plea was voluntary. (Doc. 9-5 at 5-6.) In particular, the court noted that, during his colloquy, Petitioner stated that he was entering his plea out of his own free will and that he was not coerced into entering a guilty plea; the trial court was aware of Petitioner's mental health history and medications and

---

[3] This claim corresponds to Ground 2(b) in the state habeas petition. (*See* Doc. 9-1 at 5; Doc. 9-5 at 5-6.)

discussed this with Petitioner; and that Petitioner stated that he fully understood the proceedings. (*Id.* at 5-6; *see* Doc. 9-3 at 69-78, 82 (plea transcript).)

The state habeas court's ruling was well supported by the record from the plea colloquy. Petitioner notes the portion of the record where he told the sentencing judge that he was trying to get off his medications because of their side effects, (Doc. 10 at 10 (citing Doc. 9-3 at 70)), but that statement in no way demonstrates that his plea was somehow involuntary. As a result, the state habeas court's determination that Petitioner's plea was made knowingly and voluntarily did not rest on an unreasonable interpretation of the facts or law. *See* 28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to federal habeas relief as to this claim.

Turning to Claim 3,[4] Petitioner argues that trial counsel was ineffective for failing to challenge the State's false case fact narrative. (Doc. 1 at 4.) The state habeas court denied this claim on the merits, ruling that, although counsel believed Petitioner's wife testified to some facts that did not match counsel's understanding of the events, he made the strategic decision not to challenge her testimony because he wanted to avoid further emphasizing the impact of her

---

[4] This claim corresponds to Ground 1(b) in the state habeas petition, in which Petitioner argued that counsel was ineffective because he failed to challenge Petitioner's wife's perjury, which affected the sentence given by the trial court. (*See* Doc. 9-1 at 5; Doc. 9-5 at 3-4.)

testimony on the trial court. (Doc. 9-5 at 3-4.) The state habeas court noted that the case involved Petitioner attacking his wife with a hammer and that she lost the use of one eye, and counsel did not want to challenge her testimony because of her appearance and the effect of her statements; he feared that doing so could make Petitioner's sentence even worse. *Id.* at 3.

To prevail on a claim of ineffective assistance of counsel, a prisoner must meet a two-part test established by *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that "counsel's performance was deficient." *Khan v. United States*, 928 F.3d 1264, 1272 (11th Cir.) (internal quotation marks omitted), *cert. dismissed*, 140 S. Ct. 339 (2019). Counsel's performance is deficient only if it falls "below an objective standard of reasonableness." *Id.* (internal quotation marks omitted). "There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Second, a prisoner must show that he suffered prejudice as a result of counsel's deficient performance. *Id.* To establish prejudice, a prisoner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal

quotation marks omitted). A court need not address both prongs if a prisoner makes an insufficient showing on one. *Id.*

In the § 2254 context, review of claims of ineffective assistance is "doubly deferential" and "asks only whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (internal quotation marks omitted). As a result, "it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Id.* (internal quotation marks omitted).

The state habeas court's determination that counsel was not ineffective in Claim 3 did not rest on an unreasonable interpretation of the facts or law. According to counsel's testimony, counsel did not believe there was any basis to believe that Petitioner's wife committed perjury because there was no reason to believe that she intentionally attempted to deceive. (Doc. 9-3 at 21.) Instead, counsel testified that, "[l]ike virtually every witness, she didn't have every single fact in line with how I understood the facts." (*Id.*) Furthermore, given her physical appearance as somebody who had been blinded in one eye and her statements describing Petitioner's attack on her with a hammer, counsel believed that he would have "add[ed] time to [Petitioner's] prison sentence by challenging her." (*Id.*; *see id.* at 83-91 (victim impact statement).) Based on this testimony, it was not

11

unreasonable for the state habeas court to rule that counsel was not ineffective for failing to challenge the victim's version of events.[5] *See Khan*, 928 F.3d at 1272; *Gissendaner*, 735 F.3d at 1323. Accordingly, Petitioner is not entitled to federal habeas relief as to this claim.

Next, in Claim 4,[6] Petitioner contends that the prosecutor committed misconduct in knowingly using false evidence. (Doc. 1 at 5.) According to the state habeas court, Petitioner claimed that "the State argued facts at his guilty plea hearing that were not true including that Petitioner used a hammer to injure his wife, hunted his wife like prey, beat his wife with a statu[]e, and several other claims." (Doc. 9-5 at 7-8; *see* Doc. 9-3 at 56-60.) The court concluded, however, that Petitioner's valid guilty plea waived all known and unknown defenses, including his right to prove the facts of his case in a trial. (*Id.* at 8.) This decision did not rest on an unreasonable interpretation of the facts or law. Petitioner's attempts to challenge the facts supporting his guilt are foreclosed by his guilty plea, which he

---

[5] As further explained below, to the extent Petitioner denies attacking the victim with a statue or hammer, such assertion directly contradicts the State's factual basis proffered at Petitioner's plea hearing and is waived by Petitioner's guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); (Doc. 9-3 at 56-60; Doc. 10 at 13-14.)

[6] This claim corresponds to Ground B in the amended state habeas petition. (*See* Doc. 9-2 at 1; Doc. 9-5 at 7-8; *see also* Doc. 9-4 at 13-16.)

12

made knowingly and voluntarily. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). As a result, Petitioner is not entitled to federal habeas relief as to this claim.

Turning to Claim 5,[7] Petitioner alleges that the trial court denied due process by relying on the State's false narrative. (Doc. 1 at 5.) The state habeas court ruled that this claim was also waived by the entry of Petitioner's guilty plea. (Doc. 9-5 at 8-9.) Like with Claim 4, Petitioner has not shown that the state habeas court's decision was unreasonable. As stated above, Petitioner's valid guilty plea forecloses any challenge to the facts of his guilt. *See Tollett*, 411 U.S. at 267. Accordingly, Petitioner is not entitled to federal habeas relief as to this claim.

Finally, in Claim 6 and Claim 7, Petitioner argues that the state habeas court refused to allow Petitioner extra time to bring his witness to court and that the state habeas court charged Petitioner illegal record fees, respectively. (Doc. 1 at 5-6.) However, Petitioner has failed to state a claim for relief, as these claims are not cognizable on federal habeas review. *See Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.").

---

[7] This claim corresponds to Ground C in the amended state habeas petition. (*See* Doc. 9-2 at 2; Doc. 9-5 at 8-9; *see also* Doc. 9-4 at 18-20.)

*B.     Motions*

Petitioner has filed several pending motions. First, Petitioner moves for appointment of counsel. (Docs. 10, 11.) [8] However, "there is no automatic constitutional right to representation in a federal habeas corpus proceeding." *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). Appointment of counsel in a habeas case is necessary only when due process or "the interests of justice" require it. 18 U.S.C. § 3006A(a)(2)(B). "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969); *see also McGriff v. Dep't of Corr.*, 338 F.3d 1231, 1234 (11th Cir. 2003) (ruling that a court must appoint counsel for a litigant in a § 2254 evidentiary proceeding); 28 U.S.C. foll. § 2254, Rule 8(c). Because Petitioner has failed to show that he is even possibly entitled to relief on any of his claims, appointment of counsel is not warranted, and Petitioner's motion for appointment of counsel (Docs. 10, 11) is **DENIED**.

Within Petitioner's motion for appointment of counsel, Petitioner also moves for an evidentiary hearing. (Doc. 10 at 22; Doc. 11 at 22.) A federal habeas

---

[8] Petitioner's various motions appear to have been docketed in duplicate.

14

court may not hold an evidentiary hearing on a 28 U.S.C. § 2254 petition except in very limited circumstances: the petitioner must show either that the claim for which the evidentiary hearing is requested relies on a new rule of constitutional law, or the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2); *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1337 (11th Cir. 2004). Petitioner does not rely on a new rule of constitutional law, and he has not shown that the evidence he seeks to adduce could not have been previously discovered through the exercise of due diligence.[9] More importantly, as discussed above, Petitioner has failed to show that he is entitled to relief on any of his claims or that any such claims require an evidentiary hearing. Accordingly, Petitioner's motion for an evidentiary hearing (Doc. 10 at 22; Doc. 11 at 22) is **DENIED**.

Next, Petitioner filed a motion to request additional time to respond and supplement his filing. (Docs. 13, 14.) He argues that, due to difficulties with the prison mailing system, he should be allowed additional time in case his filings were filed out of time. It is unclear to which filings Petitioner refers, and it does

---

[9] Petitioner sought to subpoena a witness for his state habeas petition. (Doc. 10 at 7-8.) According to Respondent, not only did Petitioner fail to act diligently, but his failure to act was the result of his own negligence. (*See* Doc. 12 at 2-3.)

not appear that any of Petitioner's various motions were filed out of time.[10] In addition, the Court has construed this motion as a reply to the State's Answer-Response and has considered Petitioner's arguments on the merits accordingly. (*See* Doc. 10 at 8-22.) As it appears that Petitioner's motion is unnecessary, Petitioner's motion to request additional time to respond and supplement his filing (Docs. 13, 14) is **DENIED**.

Finally, Petitioner filed a request for legal assistance, docketed as a motion, arguing that the law library has been closed for 30 days and that the materials and services are inadequate. (Docs. 15, 16.) He demands that the law library be opened and provided with up-to-date materials, that the State provide him with medical records so that he can show that he was disabled at the time of the incident that led to his conviction, that the Court vacate his plea, and that he be granted bail. (Doc. 15 at 4-5; Doc. 16 at 4-5.) To the extent Petitioner seeks to raise a claim of denial of access to the courts, he must pursue such a claim in a 42 U.S.C. § 1983 complaint rather than in a habeas petition. Furthermore, insofar as Petitioner seeks new evidence for his § 2254 petition, a claim relying on such new evidence would be unexhausted yet procedurally defaulted. *See Ogle*, 488 F.3d at 1370. It is

---

[10] To the extent Petitioner seeks to excuse any delay in filing his § 2254 petition, Respondent did not move to dismiss the petition as untimely, and the Court has evaluated the petition on the merits.

16

also inappropriate to vacate Petitioner's plea in response to his motion, as that is the function of Petitioner's 28 U.S.C. § 2254 petition. In addition, Petitioner has failed to even remotely make a showing that he is entitled to bail. *See Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990) (stating standard for granting bail pending habeas corpus). Accordingly, this motion should be denied.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable

> whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that Petitioner's motions for appointment of counsel and for an evidentiary hearing (Docs. 10, 11) be **DENIED** and Petitioner's motion to request additional time to respond and supplement his filing (Docs. 13, 14) be **DENIED as unnecessary**, and it is **RECOMMENDED** that Petitioner's request for legal assistance (Docs. 15, 16) be **DENIED**, the instant petition (Doc. 1) be **DENIED**, a certificate of appealability be **DENIED**, and this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 17th day of July, 2020.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE