## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICKY ALLEN, SR.,

    Petitioner,

            v.

WARDEN DEAL,

    Respondent.

Civil Action No.
1:19-cv-03392-SDG

## ORDER

This matter is before the Court on the Final Report and Recommendation of United States Magistrate Judge Christopher C. Bly [ECF 23], which recommended that Petitioner Ricky Allen, Sr.'s motions for legal assistance [ECF 15, 16] be denied and his writ of habeas corpus be denied. Petitioner, *pro se*, timely filed objections to the R&R [ECF 26]. After careful consideration of the record, Plaintiff's objections are **OVERRULED** for the reasons stated below. Judge Bly's R&R is **ADOPTED** in its entirety.

## I.    FACTUAL BACKGROUND

On July 26, 2019, Petitioner filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Superior Court of Cobb County, Georgia.[1] Petitioner pleaded guilty to the underlying state charges.[2] Petitioner's

---

[1]    ECF 1.

[2]    *Id.* at 1–2, ¶ 5.

state habeas petition was denied after an evidentiary hearing.[3] The Georgia Supreme Court denied Petitioner's Application for a Certificate of Probable Cause.[4] Petitioner then filed the present federal habeas petition.

Petitioner asserts the following claims in the current petition:

(1) Petitioner's plea is void judicial process because there is still a competency motion under O.C.G.A. § 17-7-130 pending in his case;

(2) His plea was involuntary because of the effects of "psychotropic drugs";

(3) Ineffective assistance of counsel for failing to challenge the prosecutions' false case fact narrative;

(4) Prosecutorial misconduct and malicious prosecution through the use of false evidence to support the plea;

(5) Judicial misconduct;

(6) State habeas court's abuse of discretion for refusing a continuance for Petitioner to gather his witnesses; and,

(7) State habeas court's illegal charges for obtaining the record.[5]

---

[3]   *Id.* at 2, ¶ 10; ECF 23, at 3 (citing ECF 9-3).

[4]   ECF 23, at 3 (citing ECF 9-6, ECF 9-8).

[5]   ECF 1, at 4–6.

Respondent, Warden James Deal, responded to the petition on September 27, 2019, and filed various documents from Petitioner's underlying state court proceedings shortly thereafter.[6] On November 5, Petitioner filed a motion seeking an evidentiary hearing and the appointment of counsel.[7] Respondent filed his response on November 26.[8] On December 23, Petitioner filed a supplement to his request for the appointment of counsel.[9]

On July 17, 2020, Judge Bly issued an Order and Final Report and Recommendation (the R&R).[10] The R&R recommends that Petitioner's habeas petition and requests for legal assistance be denied, and that the petition be dismissed.[11] On August 3, 2020, Petitioner timely objected to the R&R.[12] Petitioner

---

[6]   ECF 7; ECF 9.

[7]   ECF 10. The same motion was also filed on the docket as ECF 11.

[8]   ECF 12.

[9]   ECF 15. The same request was also filed on the docket as ECF 16.

[10]   ECF 23.

[11]   *Id.* In addition, Judge Bly denied Petitioner's motions for appointment of counsel and for an evidentiary hearing [Docs. 10, 11] and denied as unnecessary Petitioner's motion to request additional time to respond and supplement his filing [Docs. 13, 14].

[12]   ECF 26. Because the R&R was served on Petitioner by mail (Aug. 17, 2020 D.E.) and Petitioner's objections were submitted to the Court via mail as well, under Fed. R. Civ. P. 6(d), the objections were timely.

presents objections to the conclusions in the R&R with regard to each of his habeas claims.[13]

## II.    LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing

---

[13]   *See generally* ECF 26.

objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider such arguments. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III.   DISCUSSION

Petitioner's objections consist largely of reiterating the allegations in the petition and various other filings with this Court. Petitioner often combines arguments from his various habeas claims into his objection to the R&R's findings on a specific claim. Nevertheless, the Court has conducted a *de novo* review of those portions of the R&R to which Petitioner objects. For the reasons stated below, the Court finds that the legal conclusions are correct and overrules Petitioner's objections.

### 1.   Claim 1

Under Claim 1, Petitioner asserts that the judicial process was void because a O.C.G.A. § 17-7-30 competency motion was still pending at the time of his guilty plea.[14] Petitioner objects to the R&R's finding that he did not raise Claim 1 on direct

---

14   ECF 1, at 4.

appeal or in his state habeas motion.[15] Petitioner contends that this issue was raised and cited to his state habeas brief for support.[16]

Petitioner alleges that Claim 1 is the same as his state habeas claims for (1) ineffective assistance of counsel for failing "to file for pre-trial 'jury determination' of whether petitioner was incompetent the night of the attack'"; and, (2) non-waiver of his "right to a jury hearing pursuant to O.C.G.A. § 17-7-130."[17] Neither of those claims is the same as Claim 1 here, which alleges that the plea is void because a § 17-7-130 motion is still pending in his original state court action.[18] Accordingly, the Court **OVERRULES** Petitioner's objection to Claim 1

---

[15] ECF 26, at 2–3.

[16] *Id.* (citing ECF 9-4, at 17–18).

[17] ECF 10, at 8–9 (citing to claim 16(A) of his original state habeas petition [ECF 9-1, at 5] and (D) of his amended state habeas petition [ECF 9-2, at 2]).

[18] Moreover, it is not clear to the Court that such a motion was pending when Petitioner entered his plea. It appears from the record that Petitioner may have misinterpreted the state habeas order, which notes that "[g]uilty plea counsel stated that he did file a request for Petitioner to be evaluated and that request was granted by the trial court." ECF 9-5, at 3. In his appeal to the Georgia Supreme Court, Petitioner claims, "As cited by the Habeas Court on Page 3 of its Order, Trial Counsel filed an O.C.G.A. Code § 17-7-130 Motion in this Case that was Granted by the Trial Court. And it is still Pending this Case." ECF 9-7, at 10 (citing ECF 9-5, at 3). Thus, it seems that this claim is based on Petitioner's misinterpretation of the state habeas court's finding that counsel testified he had filed a request for Petitioner to be evaluated and that request was *granted* by the trial court. Another indication that this request was granted is the undisputed evidence that Dr. Richards met with Petitioner, found him

and **ACCEPTS** the R&R's conclusion that this claim should be denied as procedurally defaulted.

>    2.    **Claim 2**

Petitioner objects to the R&R's finding that the plea was voluntary.[19] Petitioner's objection reasserts his argument that his plea was involuntary because he was given "psychotropic drugs" on the day of his plea.[20]

The state habeas court determined that the guilty plea was voluntary.[21] In order to grant a habeas writ on a claim that was adjudicated on the merits in a state court proceeding, the Court must find that the state court's determination was unreasonable under 28 U.S.C. § 2254(d). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

to be mentally competent to stand trial, and testified to that effect at the sentencing hearing. ECF 9-3, at 116–17.

19    ECF 26, at 3–4.

20    *Id.*

21    ECF 9-5, at 5–6.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This standard is intentionally strict and requires substantial deference to state court proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). It limits federal courts' authority to issue the writ to cases where "the state court's determinations of law and fact were [ ] 'so lacking in justification' as to give rise to error 'beyond any possibility for fairminded disagreement.'" *Dunn v. Madison*, 138 S. Ct. 9, 12 (2017) (citing *Richter*, 562 U.S. at 103).

The Court has reviewed the record before the state habeas court, including the plea hearing transcript, and finds that the state's order holding that the plea was voluntarily entered into is supported by the record. In particular, the Court agrees with the state court that the plea hearing transcript shows that plea counsel and the trial court judge fully apprised Petitioner of his constitutional rights prior to accepting the plea.[22] Petitioner also filled out and signed a form provided by the trial judge that discussed the rights he was forfeiting by pleading guilty.[23] Additionally, the plea transcript shows that the trial judge discussed Petitioner's

---

22   ECF 9-3, at 72–81.

23   *Id.* at 38–40.

medications and mental health history with him before finding that the plea was made voluntarily and knowingly.[24]

The Court finds that the state habeas court's determination that the plea was entered into voluntarily was reasonable. Petitioner's objection is **OVERRULED**.

### 3.     Claim 3

Petitioner objects to the R&R's holding that his counsel was not ineffective in failing to object "to the state's and [his] wife's "false 'factual basis.'""[25] To prevail on an ineffective assistance of counsel claim, a Petitioner must show: (1) deficient performance; and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Deficient performance requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"Even under *de novo* review, the standard for judging counsel's representation is a most deferential one," given counsel's knowledge of the

---

[24]   *Id.* at 73–74.

[25]   ECF 26, at 4–5.

proceedings, materials outside the record, and interactions with her client, opposing counsel, and the judge. *Richter*, 562 U.S. at 105. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.* (quoting *Strickland*, 466 U.S. at 690). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* The two standards combine to make judicial review "doubly" deferential. *Id.* (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Thus, the question becomes "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard," not simply "whether counsel's actions were reasonable." *Id.*

The state habeas court found that counsel was not ineffective for deciding not to challenge the victim's testimony in order to avoid the possibility that such a challenge would add to Petitioner's sentence.[26] This finding is supported by counsel's testimony during the state habeas proceeding. During the proceeding, counsel stated that he did not believe the victim purposefully deceived the sentencing court and he strategically decided to not challenge the victim based on

---

[26]   ECF 9-5, at 3–4.

the crime committed and how she looked and spoke.[27] As counsel explained, he "thought that [he] was going to be adding time to [Petitioner's] prison sentence by challenging her."[28] The Court finds that there is no reasonable argument that counsel's strategic decision violates *Strickland*'s deferential standard. Petitioner's objection is **OVERRULED**.

### 4.   Claim 4

Petitioner objects to the R&R's finding that his guilty plea effectively waived any prosecutorial misconduct or malicious prosecution claim.[29] Relying on *Tollett v. Henderson*, 411 U.S. 258 (1973), the state habeas court found an entry of a valid guilty plea waives all known and unknown defenses.[30] It explained that Petitioner's attempt to contradict the factual basis at this hour is a right he waived by not pursuing a jury trial. The Court agrees.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that

---

[27]   ECF 9-3, at 21.

[28]   *Id.*

[29]   ECF 26, at 5–6.

[30]   ECF 9-5, at 8.

occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. Such a defendant "may only attack the voluntary and intelligent character of the guilty plea." *Id.*; *U.S. v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.") (quoting *Wilson v. U.S.*, 962 F.2d 997 (11th Cir. 1992)). Thus, by entering a guilty plea, Petitioner waived his right to challenge the factual basis underlying his conviction. *See United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010).

By entering a plea of guilty, Petitioner waived his right to raise this malicious prosecution and/or a prosecutorial misconduct claim. Petitioner's objection does not show that the state habeas court's finding was an unreasonable application of the law. Petitioner cites to *Byrd v. Owen*, 272 Ga. 807 (2000), *Smith v. Zant*, 250 Ga. 645 (1983), and *Cutts v. Scandrett*, 108 Ga. 620 (1899), to support his contention that the use of evidence the state knows to be false results in a due process violation.[31] However, none of those cases involved a guilty plea and, therefore, the prisoners in those cases had not waived their constitutional claims.

---

[31]   ECF 26, at 5–6.

Petitioner cannot and has not shown that the state habeas court's application of the law was unreasonable. Accordingly, this objection is **OVERRULED**.

### 5.    Claim 5

Petitioner objects to the R&R's finding that his judicial misconduct claim is procedurally barred. Petitioner claims that he was denied due process because the trial court was prejudiced by the prosecution's false narrative.[32] The Court finds that Petitioner has not shown any judicial misconduct, nor has he shown that the state habeas order finding a lack of judicial misconduct was unreasonable.

First, Petitioner argues that the sentencing judge was prejudiced from having heard the prosecution's and his counsel's allegedly false narrative.[33] However, as discussed above, Petitioner waived his ability to dispute the facts of the case or confront witnesses by pleading guilty.

Second, Petitioner argues that the sentencing judge improperly expedited the proceedings in order to catch a plane. The hearing transcript shows that the trial judge informed the parties that she had time constraints because she had to catch a plane; however, she also offered to reconvene on a later date to conclude

---

[32]   ECF 1, at 5.

[33]   ECF 10, at 20–21; ECF 26, at 7–8.

the sentencing.[34] In fact, during Petitioner's brother's testimony, the trial judge expressly told the witness to take his time, stating: "I'm in no way wanting to restrict what you want to say. I will—if we can't finish this afternoon, we can come back on another day. I do not want to rush you, sir."[35] Moreover, the transcript does not show that the trial judge's time constraint limited the number of witnesses called to testify on behalf of Petitioner. Petitioner's counsel stated that he had two witnesses, Dr. Richards and Petitioner's brother.[36] Both witnesses testified.

The state habeas court found that the plea hearing transcript did not show that the sentencing judge rushed the proceedings or otherwise failed to fully consider the testimony and arguments presented.[37] Based on the evidence presented, the Court finds that the state habeas court's holding was reasonable. Accordingly, Petitioner is not entitled to relief under § 2254(d)(2) and his objection as to this claim is **OVERRULED**.

---

[34]   ECF 9-3, at 96, 99.

[35]   *Id.* at 99.

[36]   *Id.* at 96–97.

[37]   ECF 9-5, at 8–9.

### 6.     Claims 6 and 7

As his sixth and seventh grounds for relief, Petitioner attacks the state
habeas proceeding and claims that the state habeas court (1) abused its discretion
in refusing a continuance for Petitioner to gather his witnesses and (2) charged
Petitioner illegal record fees.[38] In Petitioner's objection, he states that he has shown
good cause for a hearing "to develop [his] innocence claim through witness
testimony," because the state habeas court "did not provide [him] with a 'fact-
finding procedure' adequate to afford a full and fair hearing on the critical issue."[39]

---

[38]   ECF 1, at 5–6.

[39]   ECF 26, at 8 (citing *Ford v. Wainwright*, 477 U.S. 399 (1986)). The Court notes
that Petitioner's arguments appear to be premised on a prior version of
§ 2254(d). This is the second time Petitioner cites to *Ford* and his right to a "full
and fair" hearing in the state habeas proceeding under § 2254(d). ECF 10, at 9–
10. However, *Ford* was decided prior to the Antiterrorism and Effective Death
Penalty Act of 1996 (AEDPA). Prior to AEDPA, the language of the statute
provided that state habeas proceedings were to be presumed correct unless the
petitioner could show, *inter alia*, "that the factfinding procedure employed by
the State court was not adequate to afford a full and fair hearing." However,
as noted above, the current statute prohibits a federal court from granting the
writ unless the state habeas court's adjudication of the claim resulted in a
decision that is contrary to Supreme Court law or was an unreasonable
determination of the facts. Thus, the current statute requires the petitioner to
meet a much higher burden to obtain the writ in connection with a claim that
was adjudicated in a state habeas proceeding. Petitioner cannot satisfy this
burden.

As referenced in the R&R, the Eleventh Circuit has repeatedly held that defects in a collateral state proceeding cannot provide a basis for federal habeas relief. *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). "The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment-i.e., the conviction itself—and thus habeas relief is not an appropriate remedy." *Carroll v. Sec'y, Dep't of Corrs.*, 574 F.3d 1354, 1365 (11th Cir. 2009). Thus, Petitioner is not entitled to relief on these claims and his objections are **OVERRULED**.

### 7.   Miscellaneous Objections

Petitioner objects to the R&R's statement that he "attacked his wife and child, causing severe physical injuries to his wife."[40] However, Petitioner has not provided any evidence to support his claim of innocence. The affidavits from his mother or brother do not deny that his wife was injured following an altercation with Petitioner and was taken to the hospital to be treated as a result of those

---

[40]   ECF 23, at 2.

injuries.[41] The affidavits claim that some of his wife's testimony was inaccurate—specifically the amount of time she spent in the hospital and what occurred after the incident—but, they do not claim that his wife did not sustain serious injuries from Petitioner's attack.[42] Nor did Petitioner's brother deny Petitioner's guilt at the sentencing hearing. During the hearing, Petitioner's brother testified that he did not "believe that [his sister-in-law] deserved any of it" and that his whole family was hurt from this emotionally, but his sister-in-law was hurt "physical[ly]."[43]

Moreover, regardless of Petitioner's objections to the factual basis presented to the state court, Petitioner knowingly and voluntarily pleaded guilty to his crimes. At his sentencing, he apologized for his crimes, stating:

> I am deeply angered by my actions and deeply
> remorseful towards my wife. Things had gotten so out of
> hand, I wasn't taking proper care of myself as far as my
> mental state. I didn't understand how powerful that was
> as far as me making poor decisions. And I'd like to

---

[41]   ECF 10 (Ex. 4), at 61–65; ECF 15, at 7–14.

[42]   Petitioner's brother's affidavit states that Petitioner's wife told him that "she could see light in her injured eye." ECF 15, at 13. Even if the Court was inclined to accept this hearsay statement as true, the fact that she can see some light does not show that her eye has not been rendered useless as charged in Petitioner's Indictment. ECF 9-3, at 44.

[43]   ECF 9-3, at 98–100. His brother also testified to the fact that Petitioner's wife had multiple appointments for her eye. *Id.* at 99.

> apologize to her and my 14-year-old son for putting them through this. And my family also for putting them through this.[44]

Petitioner's objection to the R&R's statement that he attacked his child and wife is **OVERRULED**.

Petitioner also objects to the R&R's summary of his state-court filings.[45] Petitioner claims that he filed a direct appeal that was denied but he does not have the record or case number.[46] But, as the R&R notes, the state habeas court found there was no evidence of a direct appeal.[47] Petitioner's claim that he filed a direct appeal, without more, cannot overcome the finding from the state habeas court that there was no evidence of a direct appeal in the state court system. In regard to the R&R's statement that Petitioner filed a Certificate of Probable Cause with the Georgia Supreme Court, Petitioner argues that he filed briefs in addition to the certificate in that action. The R&R does not state otherwise, it simply recognizes that Petitioner raised his claims in the Georgia Supreme Court.

---

[44]   *Id.* at 122–23.

[45]   ECF 26, at 1–2.

[46]   *Id.* at 1.

[47]   ECF 9-5, at 2.

The Court finds that the R&R's statements regarding the state court filings are accurate, albeit irrelevant to the findings in this Order. As such, Petitioner's objections to the R&R's summary of his state-court filings are **OVERRULED**.

### 8. Certificate of Appealability

Petitioner objects to the R&R's holding that he is not entitled to a Certificate of Appealability (COA). Petitioner asserts that he is entitled to a COA because he has shown that the evidence the state used at his plea hearing was false and he was denied adequate process at the state habeas level.[48]

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant." 28 U.S.C. § 2254 R. 11(a). The district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to obtain a COA, "a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

---

[48]   ECF 26, at 8.

(2000)). The requisite showing to obtain a COA neither requires nor permits full consideration of the factual and legal merits of the claims. *Gonzalez v. Sec'y for Dep't of Corrs.*, 366 F.3d 1253, 1267 (11th Cir. 2004). Rather, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* (quoting *Miller-El*, 537 U.S. at 342).

Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner is procedurally defaulted from bringing Claim 1; he failed to show that the state habeas court's findings as to Claims 2–5 were wrong, much less unreasonable; and, he cannot bring a federal habeas claim based on state habeas proceedings. While Petitioner repeatedly asserts violations of due process, the Court has not seen any evidence of such a violation in his plea or sentencing. After Petitioner was found legally competent, he pleaded guilty. He was repeatedly informed of his rights before and during his plea. He claims that the prosecution presented a false factual basis and he is actually innocent, but even his brother's testimony and the self-serving affidavits provided by his mother and brother support a finding of guilt. Petitioner's counsel presented two witnesses in an attempt to mitigate Petitioner's sentence, including testimony from a medical expert. In sum, Petitioner has not made a substantial showing of a denial of a constitutional right. His objection to the R&R's denial of a COA is **OVERRULED**.

## IV.   CONCLUSION

Having reviewed the R&R in light of Petitioner's objections, the Court **ADOPTS** the R&R in its entirety as the Order of the Court. Petitioner's motions for legal assistance [ECF 15, 16] are **DENIED**.

The petition for a writ of habeas corpus is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to close this action. Petitioner's request for a COA is **DENIED**.

**SO ORDERED** this the 29th day of September 2020.

Steven D. Grimberg
United States District Court Judge